**NOT FOR PUBLICATION**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| In Re: | Case No.: 23-15073-ABA |
| Michele D. Rothman, | Chapter: 7 |
| Debtor. | Hearing Date: October 24, 2023 |
| | Judge: Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

Before the court is the Motion of a secured creditor, SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust (the "Secured Creditor"), for relief from the automatic stay pursuant to §362(d)(2), alleging that no post-petition payments have been made with regard to the consensual lien against certain property and regardless, that the Debtor does not have equity in the property and the property in question is not necessary to an effective reorganization in this chapter 7 case. Doc. No. 77 (the "Motion"). The Secured Creditor also requests *in rem* relief as to the property pursuant to 11 U.S.C. § 362(d)(4) as this is the third bankruptcy filing affecting the property and is part of a scheme to delay, hinder, or defraud the Secured Creditor. The Debtor, Michele D. Rothman (the "Debtor"), opposes the Motion. Doc. No. 83. The parties appeared and made their arguments before the court. The matter is ripe for disposition. For the reasons that follow, the court will grant the Motion in its entirety.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS

The Motion concerns real property located at 2823 Schooner Lane in Hammonton, NJ 08037 (the "Property"). The evidence presented reflects that the Property is owned by Bernard Rothman. Doc. No. 77-7. Bernard Rothman executed and delivered a promissory note for a principal amount of $417,000.00 and secured by the Property subject to a mortgage, executed by Bernard Rothman. Doc. Nos. 77-3 and 77-4. In 2016, Bernard Rothman entered into a loan modification with Wells Fargo Bank, the prior servicer for the mortgage, which created a new principal balance of $392,449.83. Doc. No. 77-6. The Secured Creditor has calculated the amount due under the note and mortgage as $674,260.78. Doc. No. 77-8. No evidence of value of the

Property has been provided. Finally, neither the Debtor, nor anyone else, has made any post-petition payments to the Secured Creditor for the obligation secured by the Property during the entirety of this bankruptcy case.

In addition, in the past few years, the Property has been the subject of several bankruptcy cases.[1] First, in 2019, Bernard Rothman, who the Debtor in this case has identified as her brother, filed for bankruptcy as a self-represented debtor. Bankr. Case No. 19-15963. In that case, Wells Fargo Bank sought and obtained relief from stay. *Id.*, Doc. No. 78. Bernard Rothman appealed the order granting stay relief, arguing that Wells Fargo Bank did not have standing to prosecute the stay relief motion and that stay relief was not proper. *Id.*, Doc. No. 109. The District Court affirmed the order granting stay relief, finding that Wells Fargo Bank, as owner and holder of the mortgage, had standing to seek stay relief, and that stay relief was proper. *Id.*, Doc. No. 143. Bernard Rothman also filed an adversary complaint against Wells Fargo Bank, attacking the validity of the note and mortgage, which was dismissed with prejudice. Adv. Pro. No. 19-2043, Doc. No. 38. Bernard Rothman appealed that order, and the District Court again affirmed the bankruptcy court's order. *Id.*, Doc. No. 48.

Next, Ronald Rothman, who the Debtor in this case has identified as her father, filed for bankruptcy as a self-represented debtor in November of 2019. Bankr. Case No. 19-30852. In that case, he listed the Property as his primary address. *See Id.*, Doc. No. 1, p.2. Ronald Rothman eventually received a chapter 7 discharge.

Finally, the Debtor filed this current case as a self-represented debtor on June 12, 2023. She listed the Property as her primary address. She also listed herself as an owner of the Property. *See* Doc. No. 19, p.2. However, the Debtor has never produced any documentation in this case that evidenced *any* legal interest she may have in the Property, nor has she produced any evidence that she is obligated under the note and mortgage which encumber the Property. And while the court is keenly aware that there is pending state court litigation concerning the Property, nothing has been determined or produced that convinces the court that the Debtor has the ability to prevent it from granting the relief requested here. Indeed, when given the opportunity to present her case in this court on the return date of the hearing, the Debtor demonstrated that she could not process and/or prosecute her arguments and instead, asked the court to allow her father to make the arguments on her behalf. This presented to the court "red flag" as to who was really running the show here. Ultimately, the court declined to allow the father, who is not a licensed attorney, to argue on behalf of the Debtor.

Nevertheless, the sum of the Debtor's argument here is familiar. She states that the Secured Creditor's Motion is frivolous, Doc. No. 83, ¶20, and that the Secured Creditor lacks legal standing to bring this Motion, *id.*, ¶16. The Debtor makes serious, but entirely unsubstantiated, allegations of ethical violations and wrongdoing. *Id.*, ¶21. The Debtor has also filed an adversary proceeding

---

[1] The court may take judicial notice of the docket entries in previous bankruptcy cases. Fed. R. Evid. 201, made applicable to this case by Fed. R. Bankr. P. 9017; *see also In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 204 (3d Cir. 1995); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991). For the purposes of a motion for *in rem* stay relief under section 362(d)(4), this includes the record in prior cases filed in this court. *In re Mazza*, No. 14-CV-6423, 2015 WL 5729262, at *5 (E.D. Pa. Sept. 30, 2015); *In re Abdul Muhaimin*, 343 B.R. 159, 163 (Bankr. D. Md. 2006); *In re Ridge View Farm, LLC*, No. 11-30463, 2012 WL 6137690, at *1 (Bankr. N.D.N.Y. Dec. 10, 2012).

against the Secured Creditor, essentially repeating these allegations. Doc. No. 85. She does not contest that the dispute as to the debt related to the Property is currently subject to pending state court litigation, where summary judgment has already been entered. Audio of 10/24/23 hearing at 10:48 a.m.

The Secured Creditor argues that the state court, where that judgment has been entered, is the appropriate place to resolve the issues concerning the Property. This court agrees.

## DISCUSSION

### a. Standing

In bankruptcy, a party may establish standing to seek relief from stay by demonstrating that it is a "party in interest" in the case. *In re Genrette*, 797 F. App'x 739, 740 n.3 (3d Cir. 2020). Unquestionably, a servicer is a proper party in interest. *In re Lau*, 684 F. App'x 235, 238 (3d Cir. 2017) (citing *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) ("A servicer is a party in interest in proceedings involving loans which it services")); *Bankers Tr. (Del.) v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (holding that either the lender or its servicer had standing to sue on mortgagor's default even though the servicer was not the holder of the mortgage); *In re Alcide*, 450 B.R. 526, 538 (Bankr. E.D. Pa. 2011) (a servicer may establish its authority to initiate legal proceedings, including motions for relief from the automatic stay in bankruptcy court); *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (determining that mortgage servicer was a party in interest for purposes of a relief from stay proceeding). Under New Jersey law, it is likewise recognized that "loan servicers also address delinquent payments with a borrower and initiate foreclosure actions." *Prop. Asset Mgmt., Inc. v. Momanyi*, No. A-2713-09T2, 2011 WL 4056076, at *2 (N.J. Super. Ct. App. Div. Sept. 14, 2011).

"In the context of a motion for relief from the automatic stay to enforce a creditor's rights under a mortgage, courts have recognized that to have the 'legally protected interest' that makes a party a 'party in interest,' the movant must be the party that has authority to enforce the mortgage under applicable nonbankruptcy law." *In re Alcide*, 450 B.R. at 536. In New Jersey, either possession of the note or an assignment of the mortgage confers standing. *Bank of New York Mellon v. Johnson*, No. A-2915-21, 2023 WL 4614618, at *2 (N.J. Super. Ct. App. Div. July 19, 2023). Here, the Secured Creditor has both.

As to the note, it is well established in New Jersey that possession of the note confers standing on a party. *Grant-Covert v. Wells Fargo Bank, N.A.*, No. 15-6018 (NLH), 2016 WL 901081, at *3 (D.N.J. Mar. 9, 2016), *aff'd* (3rd Cir. 16-1880 Oct. 6, 2016); *see also Deutsche Bank Tr. Co. Americas v. Angeles*, 428 N.J. Super. 315, 318, 53 A.3d 673, 675 (App. Div. 2012); *Deutsche Bank Nat. Tr. Co. v. Mitchell*, 422 N.J. Super. 214, 223, 27 A.3d 1229, 1235 (App. Div. 2011). In this case, the original note was executed in favor of Superior Mortgage Corp. Doc. No. 77-3, p.1. The note was then endorsed by Superior Mortgage Corp to Wells Fargo Bank, N.A. Doc. No. 77-3, p.3. In turn, Wells Fargo endorsed the note in blank. *Id.* The Secured Creditor includes the original endorsed note. Therefore, it has standing to prosecute this Motion.

As to the mortgage, it is likewise well established in New Jersey that an assignment of a mortgage confers standing on a party. *Grant-Covert v. Wells Fargo Bank*, N.A., 2016 WL 901081 at *3; *see also Sterling Nat'l Bank v. Ruccio*, No. A-3307-17T4, 2019 WL 149697 (N.J. Super. Ct. App. Div. Jan. 9, 2019). In this case, Superior Mortgage Corp is also the original mortgagee. Doc. No. 77-4, p.1. The mortgage was assigned by MERS, as nominee for Superior Mortgage Corp to Wells Fargo Bank, NA. Doc. No. 77-5, p. 5. In turn, Wells Fargo assigned the mortgage to US Bank National Association as Trustee of the Igloo Series IV Trust. *Id.*, p. 9. Then, US Bank Trust National Association as Trustee of the Igloo Series IV Trust assigned the mortgage to US Bank Trust National Association as Trustee of the Cabana Series IV Trust. *Id.*, p. 12. Thus, as servicer to US Bank Trust National Association as Trustee of the Cabana Series IV Trust, the Secured Creditor has standing to prosecute this Motion.

### b. Stay Relief

Having established that the Secured Creditor has legal standing to prosecute the Motion, the court now turns to the relief requested. First and foremost, the Motion is not frivolous and the court rejects the Debtor's claim that it is. For one, the bankruptcy code allows for relief from stay for cause. 11 U.S.C. § 362(d)(1). Under this section, failure to make post-petition mortgage payments constitutes cause for relief from stay. *E.g. In re Stuart*, 402 B.R. 111, 122 (Bankr. E.D. Pa. 2009). Here, the undisputed evidence shows that the Secured Creditor has not received any post-petition payments. Therefore, relief from stay under this section is appropriate.

Additionally, the bankruptcy code also allows for relief from stay with respect to a stay of an act against property if the debtor does not have equity in the property and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Here, the uncontroverted evidence shows that the Debtor does not have any interest in equity in the Property. Despite her self-serving notation on her petition that she is an owner of the Property, she has produced nothing that shows she is in fact an owner of the Property entitling her to any equity in the Property. What is more, she has not demonstrated any other interest that would allow her to claim an interest in equity in the Property. Simply put, *she has no equity in the Property*. And, because this is a Chapter 7 case, the Property is not necessary for an effective reorganization. *E.g.*, *In re Aulicino*, 400 B.R. 175, 179 n.1 (Bankr. E.D. Pa. 2008). In any case, the burden is on the Debtor to show that the Property is necessary for an effective reorganization. 11 U.S.C. § 362(g)(2). She has not done so. More importantly, there is no reorganization. Relief from the automatic stay is appropriate pursuant to section 362(d)(2).

The Secured Creditor has also asked for, and the bankruptcy code provides for, *in rem* stay relief. Specifically, the code provides that a court may terminate the automatic stay as to real property "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B); *see also In re Gray*, 558 F. App'x 163, 166 (3d Cir. 2014). "In the context of § 362(d)(4), a 'scheme ... implies a level of insidiousness and deceitfulness.'" *In re City of Pittsburgh Prop. Dev., Inc.*, 580 B.R. 130, 134 (Bankr. W.D. Pa. 2018) (quoting *In re 177 Weston Rd., LLC*, 2011 WL 3032745 at *2 (Bankr. D. Conn. July 22, 2011)). A scheme to delay or hinder can be evidenced by the circumstances surrounding multiple petitions, such as whether the petitions were "timed strategically to stay upcoming trial dates in the state foreclosure matter," and whether cases did not move forward, "having apparently served their purpose of staying the

foreclosure proceedings." *In re Mazza*, No. 14-CV-6423, 2015 WL 5729262, at *5 (E.D. Pa. Sept. 30, 2015). Otherwise put, "[s]trategically timing a bankruptcy to stay or cancel foreclosure proceedings can be a legitimate tactic within a debtor's arsenal, but it evokes bad faith where a debtor commences a bankruptcy case 'without the ability or the intention to reorganize.'" *In re Olayer*, 577 B.R. 464, 469 (Bankr. W.D. Pa. 2017) (quoting *In re Mazza*, 2015 WL 5729262, at *1); *see also In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999).

Here, the credible facts warrant *in rem* stay relief. There have been two other bankruptcy filings relating directly to the Property with attempts to challenge standing and the validity of the note and mortgage. All the claims were found to be meritless and the loan documents were enforceable. Likewise, here, the Debtor makes the same allegations. In addition, she wrongfully claimed an interest in the Property when no such lawful determination has been made. Was this a tactic to continue the scheme to hinder and delay by claiming a property interest that does not exist? Invoking the court's jurisdiction by claiming something is property of the estate when it is not? The court thinks so. And instead of addressing the merits of the Motion, the Debtor chose to file scandalous pleadings attacking the Secured Creditor and its professionals. To be sure, the filed Adversary Proceeding has absolutely no impact on the determination of this Motion and the court can and will grant the relief requested in the Motion without first resolving the allegations made in the Adversary Proceeding complaint.

Certainly, the court comes away with the impression that this bankruptcy filing is simply the latest chapter in a concentrated, coordinated scheme by the Rothman family to hinder, delay and frustrate their creditors. Furthermore, as noted by the Secured Creditor, there is a pending foreclosure action which was stayed by this bankruptcy case. Doc. No. 77, ¶23. That process still needs to be completed. Any defense to that matter can be made in the state court to the court entering judgment or through the appellate process. There is no purpose served by denying the relief requested here. As the Debtor has no proven interest in the Property, there is no property of the estate, let alone a benefit to this bankruptcy estate in denying the requested relief. The Debtor's state court remedies, if any, can be pursued there.

In light of all of the foregoing, the court finds that this bankruptcy case is part of a scheme to hinder, delay, and defraud creditors to the Property and relief from the stay is warranted under 11 U.S.C. § 362(d)(4).

## CONCLUSION

Accordingly, this court grants the Secured Creditor's Motion in its entirety.

An appropriate judgment consistent with this decision has been entered.

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: October 31, 2023